# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **PAULETTE PIERCE,**<br>781 Berkeley Rd.<br>Columbus, OH 43205 | Case No. 2:21-cv-2624 |
| **Plaintiff, for herself** and all others similarly situated, | JUDGE<br><br>MAGISTRATE JUDGE |
| v. | |
| **DIVERSIFIED HEALTH MANAGEMENT, INC.**<br>3569 Refugee Rd., Suite C<br>Columbus, OH 43232 | **Jury Demand Endorsed Hereon** |
| and | |
| **ALEXANDER S. PHOMMASATHIT**<br>3569 Refugee Rd., Suite C<br>Columbus, OH 43232 | |
| **Defendants.** | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Paulette Pierce (referred to as "Plaintiff"), on behalf of herself and all others similarly situated, and proffers this Complaint for damages against Defendants Diversified Health Management Inc. and Alexander Phommasathit ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure damages and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio and common law pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants are doing and have done substantial business in the Southern District of Ohio and Plaintiff worked in and resides in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Paulette Pierce is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff resides in Franklin County, Ohio.

6. Diversified Health Management, Inc. is an Ohio corporation registered to do business in Ohio and conducting business in the Southern District of Ohio.

7. Upon information and belief, Defendant Alexander Phommasathit is an individual, a resident of the state of Ohio.

8. Upon information and belief, Defendant Phommasathit owns, in whole or in part, Defendant Diversified Health Management, Inc.

9. Defendant Phommasathit is also responsible for Defendant Diversified Health Management, Inc.'s business operations, including payroll policies and procedures.

10. At all times relevant herein, Plaintiff was an employee of Defendants' as defined in the FLSA and O.R.C. Chapter 4111.

11. Defendants are and have been "employers" as that term is defined by the FLSA and O.R.C. Chapter 4111.

12. At all times relevant to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

13. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have an annual gross volume of sales and/or business in an amount not less than $500,000.00.

14. Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime and other compensation under the FLSA. The consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b).  (Attached as Exhibit A).

## FACTUAL BACKGROUND

15. Defendant Diversified Health Management, Inc. is in the business of providing home healthcare services to individuals in multiple counties throughout Ohio.

16. Defendants' business offices are located at 3569 Refugee Road, Suite C, Columbus, OH 43232.

17. Upon information and belief, Defendant Diversified Health Management, Inc is owned and operated by Defendant Phommasathit.

18. Plaintiff began working for Defendants in or around 2011 in the position of Home Health Aide. Plaintiff is still currently employed by Defendants.

19. Upon information and belief, Defendant Phommasathit is responsible for setting payroll practices and determining decisions related to overtime compensation for Defendants' employees, including its Home Health Aides.

20. Upon information and belief, Defendants employ approximately 40 Home Health Aides at any given time.

21. Plaintiff began her employment with Defendants in the position of Home Health Aide in or around February 2017.

22. At all times relevant herein, Plaintiff was an hourly paid, non-exempt employee.

23. At all times relevant herein, Plaintiff consistently worked more than 40 hours per workweek.

24. At the time she was hired until approximately September 2020, Plaintiff received a rate of one and one-half times her regular rate of pay for all hours she worked in excess of 40 in a workweek.

25. However, in or around September 2020, Defendants refused to continue paying its Home Health Aides an overtime premium for hours worked in excess of 40.

26. This decision was announced by Defendants' Human Resources Coordinator, Demetria Scott on September 2, 2020.

27. Ms. Scott sent Plaintiff a text message stating: "I want to inform you that 9/11/2020 will be your last paycheck with overtime or time in a half for holidays. Due to the state law we are no longer paying any kind of overtime[.]  [I]f you have any questions please contact me via phone."

28. Plaintiff also received the same text message from Ms. Scott in a group chat with other Home Health Aides employed by Defendants.

29. After September 2020, Plaintiff has continued to consistently work more than 40 hours per workweek.

30. Beginning September 2020, Plaintiff and other Home Health Aides employed by Defendants have not been paid an overtime premium at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 in a workweek.

31. Rather, Plaintiff and other Home Health Aides employed by Defendants have received their regular rate of pay for all hours worked over 40 hours per workweek ("straight time"). (Attached as Exhibit B to the Complaint are sample paystubs demonstrating this unlawful payroll practice).

32. In or around February 2021, Plaintiff called Defendant Phommasathit and complained about the company policy change to no longer pay time and a half for overtime hours. Defendant Phommasathit stated the company was not required to pay time and a half for overtime hours due to state law.

33. Defendants refused to pay Plaintiff and other Home Health Aides in accordance with the law.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime Compensation

34. All of the preceding paragraphs are realleged as if fully rewritten herein.

35. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former Home Health Aides employed by Diversified Health Management who have not received overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40 after September 1, 2020.

36. Plaintiff and the SSPs were subject to the same payroll policies and practices. Specifically, Plaintiff and the SSPs were not paid overtime compensation at a rate of one and one-

5

half time their regular rates of pay for hours worked in excess of 40 during a workweek after Defendants' policy change in September 2020.

37. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA.  Plaintiff is representative of all SSPs and is acting on behalf of others' interests as well as her own in bringing this action.

38. These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and permitted to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

39. In addition to Plaintiff, numerous SSPs have been denied proper overtime compensation due to Defendants' company-wide refusal to pay overtime compensation after September 2020.

40. Plaintiff and the SSPs were paid on an hourly basis.

41. Plaintiff and the SSPs were non-exempt employees.

42. Plaintiff and the SSPs frequently worked more than 40 hours per week.

43. Defendants refused to pay overtime pay to Plaintiff and the SSPs after September 2020.

44. Plaintiff and the SSPs were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek.

45. Defendants were aware that Plaintiff and the SSPs regularly worked more than 40 hours per workweek, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

46. Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as to whether they were required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

47. Accordingly, Named Plaintiffs and the SSPs were required to work more than 40 hours per week without proper overtime compensation.  As a result, Plaintiffs and the SSPs have been damaged.

## COUNT II
### OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime

48. All of the preceding paragraphs are realleged as if fully rewritten herein.

49. This claim is brought under Ohio law.

50. Defendants knowing failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) per workweek was a violation of Section 4111.03 of the Ohio Revised Code.

51. For the Defendants' violations of ORC 4111.03, Plaintiff is entitled to recover unpaid overtime wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Plaintiff and her counsel to represent the FLSA Class; enter an order directing Defendants to pay into a common fund for the benefit of Plaintiff and all other members of the FLSA Class the total amount of damages to which Plaintiff and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages,

pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendants to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B. As to Count II, the total amount of damages to which Plaintiff is entitled, including unpaid overtime, liquidated/treble/statutory damages, pre-judgment and post-judgment interest, costs of the litigation, attorneys' fees, injunctive relief for Defendant to cease violations of the Ohio Minimum Fair Wage Standards Act, and such other or additional relief deemed appropriate by the Court.

C. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Kyle T. Anderson (0097806)
(Kyle@MansellLawLLC.com
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) persons.

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)