IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAULETTE PIERCE,** on behalf of
herself and all others similarly situated,

          Plaintiffs,

      v.

**DIVERSIFIED HEALTH
MANAGEMENT, INC.,**

          and

**ALEXANDER S. PHOMMASATHIT,**

          Defendants.

**Case No. 2:21-cv-02624
Judge Edmund A. Sargus
Magistrate Judge Elizabeth Preston Deavers**

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement ("Joint Mot.," ECF No. 8) pursuant to Section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). The Motion asks the Court to approve, as fair, adequate and reasonable, the proposed Settlement reached by the Parties and memorialized in the Settlement Agreement attached as Exhibit B to the Motion. (*See* Joint Mot., Exh. B.) For the following reasons, the Parties' Joint Motion is **APPROVED**.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff Paulette Pierce sued Diversified Health Management and Alexander S. Phommasathit (collectively, "Defendants") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 and analogous state laws. (Compl. ¶ 1, ECF No. 1). Plaintiff alleges that Defendant violated the FLSA by failing to pay her and similarly situated hourly employees for hours worked in excess of 40 hours for each work week between

September 2020 and May 2021. (*Id.*) Plaintiff and Defendant engaged in informal settlement discussions and recently reached a settlement. (Joint Mot. at 3.)

The Parties' executed a Settlement Agreement agreeing to a gross settlement payment of $11,399.33. (Settlement Agreement, Exh. B.) The total constitutes $6,513.96 in overtime wages plus $4,885.47 in liquidated damages. (*Id.* at ¶ 15.) The Settlement Agreement provides for individual settlement payments to Plaintiff. The payments represent 100% of the Plaintiff's alleged overtime wages and 75% of Plaintiff's alleged liquidated damages owed within the 3-year statute of limitations. Defendants have agreed to pay Plaintiff's Class Counsel $5, 289.40 for their attorneys' fees and litigation costs. (*Id.* at ¶ 16.)

## II. STANDARD

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider

only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3.

Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4. In *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974), the Sixth Circuit established six relevant factors in the analysis of determining a reasonable attorneys' fee award. These factors include: 1) the value of the benefit rendered, 2) society's stake in rewarding attorneys who produce such benefits to maintain an incentive to others, 3) whether the services were undertaken on a contingent fee basis, 4) the value of the services on an hourly basis, 5) the complexity of the litigation, and 6) the professional skill and standing of counsel involved on both sides. *Id.*

## III.  ANALYSIS

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties. The Court finds no evidence of fraud or collusion. The Agreement was achieved after good-faith investigation and arms-length negotiations between the Parties. The investigation involved the review of payroll records and the exchange of documents, including Plaintiff's counsel's computations of alleged damages.

The risk of litigation and uncertainty of recovery supports the settlement. Litigating these issues any further would require costly litigation, including, but not limited to, formal written discovery, depositions, motion practice, a potential trial, and countless hours of preparation and related legal costs. While Plaintiff believes that, if litigation were to continue, she would prevail on her claims, Defendants dispute liability and Plaintiff's entitlement to liquidated damages.

The Agreement provides Plaintiff's substantial recovery of 100% of her alleged overtime payments and 75% of her alleged liquidated damages. *See Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 833 F. App'x 430, 431 (6th Cir. 2021) (noting that 32% of alleged damages was a "substantial recovery"). The settlement benefit outweighs the time, expense, and risk it would take to continue to litigate this action to judgment.

Moreover, attorneys' fees in the amount of $4,753.00 represent approximately one-third of the total settlement amount and are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."). The *Ramey v. Cincinnati Enquirer, Inc.* factors weigh in favor of Plaintiff's Counsel's recovery of $4,753.00. Plaintiff's Counsel worked on a contingent fee basis, thus not earning compensation and risking nonpayment. Plaintiff's Counsel worked a total of 15.8 hours and the Settlement Agreement reflects their reasonable hourly rate multiplied by the hours they worked on Plaintiff's case. (Joint Mot. at 11.) Finally, the complexity of the litigation and skill of Counsel matches the fees requested. In sum, Plaintiff's Counsel's requested fee award is reasonable.

IV. **CONCLUSION**

The Parties' Joint Motion (ECF No. 8) is **APPROVED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the action to enforce the terms of the Settlement Agreement (Joint Mot., Exh. B), including the administration of the settlement, the addition of Eligible Settlement Participants and the distribution process.

**IT IS SO ORDERED:**

9-27-2021
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE